UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST KELLY HOLESTINE, CDCR #J-01366,<br><br>         Plaintiff,<br><br>vs.<br><br>P. COVELLO, Warden; F. ARMENTA, Chief Deputy Warden; J. SANTANA, Assoc. Warden; D. McGUIRE, Asst. Classification & Parole Rep.; C. O'DELL, Correctional Counselor II; B. SELF, Correctional Counselor II; D. COON, Correctional Counselor I; R. CENTENO, Correctional Counselor I; J. MEDINA, Assoc. Warden; A. SANDS, Correctional Counselor III; M. VOONG, Chief Inmate Appeals; K.J. ALLEN, Appeals Examiner; J. DOMINGUEZ, Appeals Examiner,<br><br>         Defendants. | Case No.: 3:19-cv-01593-GPC-AGS<br><br>**ORDER:**<br><br>**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [Doc. No. 2]**<br><br>**AND**<br><br>**2) DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF COMPLAINT AND SUMMONS PURSUANT TO 28 U.S.C. § 1915(d) AND Fed. R. Civ. P. 4(c)(3)** |

  Plaintiff Ernest Kelly Holestine, currently incarcerated at Salinas Valley State Prison ("SVSP") in Soledad, California, and proceeding pro se, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. (See Compl., Doc. No. 1.) Holestine claims various prison

1

and California Department of Corrections and Rehabilitation ("CDCR") officials at Richard J. Donovan Correctional Facility ("RJD") and the California Medical Facility ("CMF"), violated the Americans with Disabilities Act, 42 U.S.C. § 12132, the Rehabilitation Act, 29 U.S.C. § 794(a), and his Eighth and Fourteenth Amendment rights, by denying his requests for reasonable accommodation with respect to his prison employment while he was incarcerated at RJD, and involuntarily transferring him to CMF, a psychiatric hospital, where he alleges to have been forcibly medicated, subject to "excessive isolation," and to have mentally decompensated. (*See* Compl., Doc. No. 1, at 3-4, 12, 16-18 ¶¶ 18-21, 68-76, 87-102.) Holestine seeks declaratory and injunctive relief, as well as nominal, compensatory, and punitive damages. (*Id.* at 19-20).

Holestine did not prepay the civil filing fee required by 28 U.S.C. § 1914(a) when he filed his Complaint; instead, he filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (Doc. No. 2).

**I. Motion to Proceed IFP**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). However, prisoners who are granted leave to proceed IFP remain obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether their

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

2

3:19-cv-01593-GPC-AGS

action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) also requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for ... the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

In support of his IFP Motion, Holestine has submitted a SVSP-certified copy of his CDCR Inmate Statement Report for the 6-month period preceding the filing of his Complaint (Doc. No. 2 at 6-7). *See* 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2; *Andrews*, 398 F.3d at 1119. This Report shows Holestine carried an approximate average monthly balance of $5.85, maintained $14.14 in average monthly deposits in his account during the 6-months preceding suit, and had a current available balance of only $.83 at the time of filing. (*See* Doc. No. 2 at 6.)

Based on this accounting, the Court assesses Holestine's initial partial filing fee as $2.82 pursuant to 28 U.S.C. § 1915(b)(1), **GRANTS** his Motion to Proceed IFP (Doc. No. 2), but declines to exact this initial fee because his prison certificates indicate he currently has "no means to pay it." *Bruce*, 136 S. Ct. at 629. Instead, the Court will direct the Secretary of the CDCR or his designee, to collect the entire $350 balance of the filing fees required by 28 U.S.C. § 1914 and forward monthly installment payments to the Clerk of the Court pursuant 28 U.S.C. § 1915(b)(2).

///

## II. Screening Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

Because Holestine is a prisoner and is proceeding IFP, his Complaint also requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

///

As currently pleaded, the Court finds Holestine's Complaint contains "sufficient factual matter, accepted as true," to state Fourteenth Amendment claims for relief that are "plausible on its face," *Iqbal,* 556 U.S. at 678, and therefore, sufficient to survive the "low threshold" set for sua sponte screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See Wilhelm*, 680 F.3d at 1123; *Iqbal*, 556 U.S. at 678. Changes in conditions so severe as to affect the sentence imposed in an unexpected manner implicate the Due Process Clause itself, whether or not they are authorized by state law. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995) (citing *Vitek v. Jones*, 445 U.S. 480, 493 (1980) (transfer to mental hospital); *Washington v. Harper*, 494 U.S. 210, 221-22 (1990) (involuntary administration of psychotropic drugs)). In *Vitek*, the Supreme Court held that "the stigmatizing consequences of a transfer to a mental hospital for involuntary psychiatric treatment, coupled with the subjection of the prisoner to mandatory behavior modification as a treatment for mental illness, constitute the kind of deprivations of liberty that requires procedural protections." *Id.* at 494; *see also Manzanillo v. Moulton*, 2014 WL 4793780, at *11 (N.D. Cal. Sept. 25, 2014) (noting that *Vitek* "held that the conjunction of stigmatization and mandatory behavior modification without procedural protections violated due process."). "The liberty interest at stake in *Vitek* mandated due process protections before both the classification of the inmate as 'mentally ill' and his resultant transfer to a mental hospital for involuntary psychiatric treatment." *Neal v. Shimoda*, 131 F.3d 818, 828 (9th Cir. 1997); *see also Wilkinson v. Austin*, 545 U.S. 209, 229 (2005); *Hendon v. Ramsey*, 528 F. Supp. 2d 1058, 1065 (S.D. Cal. 2007).[2]

---

[2] The procedural protections the Supreme Court found adequate to afford due process in *Vitek* are: (1) "written notice to the prisoner that a transfer to a mental hospital is being considered;" 445 U.S. at 494, (2) "[a] hearing, sufficiently after the notice to permit the prisoner to prepare, at which disclosure ... is made of the evidence being relied upon[,] ... and at which opportunity to be heard in person and to present documentary evidence is given;" *id.*, (3) "[a]n opportunity at the hearing to present testimony of witnesses ... and to confront and cross examine witnesses called by the state, except upon finding, not arbitrarily made, of good cause for not permitting such presentation, confrontation, or

Therefore, the Court will direct the U.S. Marshal to effect service of summons Holestine's Complaint on his behalf. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal ... if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.").

### III. Conclusion and Order

For the reasons explained, the Court:

1. **GRANTS** Holestine's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (Doc. No. 2).

2. **ORDERS** the Secretary of the CDCR, or his designee, to collect from Holestine's prison trust account the $350 filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Ralph Diaz, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001.

4. **DIRECTS** the Clerk to issue a summons as to Holestine's Complaint (Doc. No. 1) and forward it to Plaintiff's counsel along with a blank U.S. Marshal Form 285 for

---

cross-examination;" *id.* at 494-95, (4) "[a]n independent decisionmaker;" *id.* at 495, (5) "[a] written statement by the factfinder as to the evidence relied on and the reasons for [the] transfer[ ];" *id.*, (6) "qualified and independent assistance" to the inmate, provided by the State, *id.* at 499-500 (J. Powell, concurring), and (7) "[e]ffective and timely notice of all the foregoing rights." *Id.* at 495; *see also Frederickson v. Wong*, 2016 WL 3253831, at *2 (N.D. Cal. June 13, 2016); *Soares v. Paramo*, 2017 WL 1166277, at *12-13 (S.D. Cal. Mar. 29, 2017).

6

3:19-cv-01593-GPC-AGS

each named Defendant. In addition, the Clerk will provide Holestine with a certified copy of this Order, certified copies of his Complaint, and the summons so that he may serve each Defendant. Upon receipt of this "IFP Package," Holestine must complete the USM Form 285s as completely and accurately as possible, *include an address where each named Defendant may be found and/or subject to service* pursuant to S.D. Cal. CivLR 4.1c., and return them to the United States Marshal according to the instructions the Clerk provides in the letter accompanying his IFP Package.

5. **ORDERS** the U.S. Marshal to serve a copy of the Complaint and summons upon the Defendants as directed by Holestine on the USM Form 285s provided to him. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

6. **ORDERS** Defendants, once they have been served, to reply to Holestine's Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while Defendants may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," the Defendants are required to respond).

7. **ORDERS** Holestine, after service has been effected by the U.S. Marshal, to serve upon Defendants, or if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b). Holestine must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document has been was served on Defendants or their counsel, and the date of that service. *See* S.D. Cal. CivLR 5.2. Any document received by the Court which has not been properly filed with the Clerk or which

fails to include a Certificate of Service upon the Defendants, or their counsel, may be disregarded.

**IT IS SO ORDERED**.

Dated: September 24, 2019

Hon. Gonzalo P. Curiel
United States District Judge